MOORE, Chief Justice
(dissenting).
Robert Swan Siercks was stopped by police for a seatbelt violation. When Siercks was unable to produce any form of identification when requested to do so, an officer ordered him out of the vehicle. According to the Court of Criminal Appeals: ‘When Siercks opened the driver’s side door and started to get out of the vehicle, Officer [Steven] Graham saw ‘in plain view between the door and the driver’s seat ... a small white rock of cocaine.’ ” Siercks v. State, 154 So.3d 1085, 1087 (Ala.Crim.App. 2013). After field-testing the substance, Officer Graham arrested Siercks for unlawful possession of cocaine. When the jury returned a verdict of guilty, the trial court sentenced Siercks as a habitual felony offender to 15 years’ imprisonment. The Court of Criminal Appeals affirmed Siercks’s conviction and remanded the case for the trial court to impose fines it had waived on original sentencing. On return to remand, the Court of Criminal Appeals affirmed Siereks’s sentence by an unpublished memorandum. Siercks then filed this petition for certiorari review.
Although contraband located “between the door and the driver’s seat” may be in-“plain view” of a police officer once the driver’s door of a vehicle is opened, the driver may or may not have a line of sight into the crevice between the closed door and the left edge of the driver’s seat while operating the vehicle. If the seat wedges tightly against the closed door, an object “in plain view” when the driver’s door is open may be completely invisible and inaccessible to the driver when the door is closed. On the other hand, a gap of two inches or more between the left edge of the seat and the closed door would permit the driver easily to touch the object with his hand. “When constructive possession is relied on, the prosecution must also prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substances.” Robinette v. State, 531 So.2d 682, 686 (Ala.Crim.App. 1987). Such knowledge “may be inferred from the accused’s exclusive possession, ownership, and control of the premises” where the illegal substance is found. Id.
In this case Siercks was driving a vehicle registered to another person who lived at the same address as Siercks. Thus, Siercks did not have “exclusive possession, ownership, and control” of the vehicle. In the absence of exclusive possession of the premises, “knowledge [of the presence of the controlled substances] may not be inferred unless there are other circumstances tending to buttress this inference.” Robinette, 531 So.2d at 686. Although Siercks had potential physical control over the cocaine, the Court of Criminal Appeals did not identify any other behavior to connect him with the substance. He had no drugs on him; he did not act guilty; and he did not flee or admit possession.
I am not persuaded that the jury had before it sufficient evidence from which to conclude beyond a reasonable doubt that Siercks had knowledge of the presence of the small rock of cocaine that, though in proximity to his person, may not have been visible to him. Because I would grant Siercks’s petition for a writ of certiorari to examine the record as to the sufficiency of the evidence on the issue of constructive *1096 possession,[1]1 respectfully dissent.

. "Constructive possession is a legal fiction used by courts to find possession in situations where it does not in fact exist, but where they nevertheless want an individual to acquire the legal status of a possessor.” Charles H. Whi-tebread & Ronald Stevens, Constructive Possession in Narcotics Cases: To Have and Have Not, 58 Va. L.Rev. 751, 761-62 (1972).